IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY E. MILLIGAN,

    Petitioner,

v.                                                                                                  No. 19-cv-716 KWR-JFR

VINCENT HORTON, *et al*,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Anthony Milligan's *pro se* 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 1) (Petition). Milligan challenges the execution of his state sentence, and in particular, his term of parole. Having reviewed the matter *sua sponte*, the Court will require Milligan to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

**I. Background**

Milligan is an inmate at the Northeast New Mexico Correctional Facility (NNMCF). In 2013 and 2014, he was charged with fleeing a law enforcement officer; receiving or transferring a stolen vehicle; burglary; and larceny. The charges generated two criminal cases in New Mexico's Second Judicial District Court, Case Nos. D-202-CR-2014-04938 and Case No. D-202-CR-2013-05106 (together, the "Consolidated Cases").[1] To better interpret the citations in the Petition, the Court took judicial notice of the state dockets. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet"); *United*

---

[1] The Petition also cites two Bernalillo County Metropolitan Court cases, Case Nos. T-4-CR-2014-11600 and T-4-CR-2014-017033. It appears those cases addressed bond matters and do not impact the execution of Milligan's sentence.

*States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records").

On February 18, 2015, Milligan pled guilty to fleeing an officer and non-residential burglary. *See* Guilty Plea/Judgment in Consolidated Cases. The State Court sentenced him to 18 months imprisonment, which was fully suspended. *Id.* On or about April 6, 2016, the State Court revoked Milligan's probation and required him to serve one year in prison. (Doc. 1 at 1); *see also* Order Terminating Probation in Consolidated Cases. Milligan alleges the revocation proceeding somehow prompted the New Mexico Probation and Parole Board (Parole Board) and/or the New Mexico Department of Corrections (NMDOC) to add an extra term of parole his sentence. (Doc. 1 at 2). The details of the alleged mistake are unclear.

Milligan filed the federal § 2241 Petition on August 15, 2019. (Doc. 1). *Id.* at 10. He asks the Court to oversee his state parole proceeding so that he is not subject to an extra term of parole. Milligan obtained leave to proceed *in forma pauperis*, and the Petition is ready for initial review.

## II. Initial Review of Petition

The Petition is governed by Habeas Corpus Rule[2] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

---

[2]   "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts. The Court, in its discretion, applies those rules to this § 2241 proceeding. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition).

Relief is only available under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (courts must determine whether petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). *Sua sponte* consideration of exhaustion of state remedies is permitted where, as here, the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court sua sponte."). As the Tenth Circuit explained, "habeas proceedings are different from ordinary civil litigation and, as a result, [the] usual presumptions about the adversarial process may be set aside." *Id.*

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.* The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The Petition clearly reflects that Milligan did not present his federal issues to any New Mexico state court. In the section addressing "earlier challenges of the decision or action," Milligan

cites a federal 42 U.S.C. § 1983 proceeding where he raised similar arguments, Case No. 17-cv-1211 JB-SCY. (Doc. 1 at 2). The Court (Hon. James Browning) dismissed that proceeding because Milligan could not obtain damages from the named Defendants. (Doc. 20 in Case No. 17-cv-1211). The § 2241 Petition goes on to clarify that Milligan filed "no other action except [the] 42 U.S.C. § 1983 civil rights complaint." (Doc. 1 at 3). Filing a § 1983 action in Federal Court does not satisfy the exhaustion requirement; it is only met where the State Court has an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To confirm Milligan's statement regarding exhaustion, the Court also searched his name through the Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings. *See* https://securecourtcaseaccess.nmcourts.gov/. SOPA reflects that Milligan has not filed a state petition challenging the execution of his sentence or his term of parole. *Id.*

Accordingly, the Court will require Milligan to show cause why his § 2241 action should not be summarily dismissed for failing to exhaust state remedies. Milligan must file his show-cause response within thirty (30) days of entry of this Order. If Milligan concedes the point or otherwise fails to timely respond, the Court will dismiss this action without prejudice to refiling after he has exhausted his state court remedies. Milligan is further warned that even if he overcomes the exhaustion requirement, habeas review will be limited to whether his current custody violates federal law. *See* 28 U.S.C. § 2241; *Yellowbear v. Wyo. Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008). The Federal Court cannot administer his term of parole in place of the New Mexico Parole Board. *See Younger v. Harris*, 401 U.S. 37 (1971) (federal courts are barred from interfering with ongoing state criminal matters).

**IT IS ORDERED** that within 30 days of entry of this Order, Milligan must show cause in writing why his § 2241 habeas action should not be summarily dismissed for failure to exhaust state remedies.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE