**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTHONY E. MILLIGAN,

      Petitioner,

v.                                      No. 19-cv-716 KWR-JFR

VINCENT HORTON, *et al*,

      Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Anthony Milligan's *pro se* 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 1) (Petition). Milligan challenges the execution of his state sentence, and in particular, his term of parole. The Court previously directed him to show cause why the § 2241 proceeding should not be dismissed for failure to exhaust state remedies. Having reviewed Milligan's response and applicable law, the Court will dismiss the Petition without prejudice.

**BACKGROUND**

Milligan is an inmate at the Northeast New Mexico Correctional Facility (NNMCF). In 2013 and 2014, he was charged with fleeing a law enforcement officer; receiving or transferring a stolen vehicle; burglary; and larceny. The charges generated two criminal cases in New Mexico's Second Judicial District Court, Case Nos. D-202-CR-2014-04938 and D-202-CR-2013-05106 (together, the "Consolidated Cases").[1] To better interpret the citations in the Petition, the Court took judicial notice of the state dockets. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet"); *United States*

---

[1] The Petition also cites two Bernalillo County Metropolitan Court cases, Case Nos. T-4-CR-2014-11600 and T-4-CR-2014-017033. (Doc. 1 at 1). It appears those cases addressed bond matters and do not impact the execution of Milligan's term of parole.

*v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records").

On February 18, 2015, Milligan pled guilty to fleeing an officer and non-residential burglary. *See* Guilty Plea/Judgment in Consolidated Cases. The State Court sentenced him to 18 months imprisonment, which was fully suspended. *Id.* On or about April 6, 2016, the State Court revoked Milligan's probation and required him to serve one year in prison. (Doc. 1 at 1); *see also* Order Terminating Probation in Consolidated Cases. Milligan alleges the revocation proceeding somehow prompted the New Mexico Probation and Parole Board (Parole Board) and/or the New Mexico Department of Corrections (NMDOC) to add an extra term of parole his sentence. (Doc. 1 at 2). The details of the alleged parole miscalculation are unclear.

In this § 2241 proceeding, Milligan asks the Court to oversee his state parole proceeding so that he is not subject to an extra term of parole. By ruling entered June 16, 2020, the Court screened the Petition and determined Milligan clearly failed to exhaust state remedies before seeking federal habeas relief. (Doc. 5). Milligan was directed to show cause why the § 2241 Petition should not be dismissed without prejudice. He filed a show-cause response on July 15, 2020 (Doc. 6), and the matter is ready for review.

### DISCUSSION

The Petition is governed by Habeas Corpus Rule 4[2] and 28 U.S.C. § 2241. Habeas Corpus

---

[2]     "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010. The Court, in its discretion, applies those rules to this § 2241 proceeding. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (courts must determine whether petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies… may be raised by a court *sua sponte*").

As noted in the prior ruling, the Petition clearly reflects that Milligan did not present his federal issues to the New Mexico Supreme Court (NMSC). In the section addressing "earlier challenges of the decision or action," Milligan cites a federal 42 U.S.C. § 1983 proceeding where he raised similar arguments, Case No. 17-cv-1211 JB-SCY. (Doc. 1 at 2). The Court (Hon. James

Browning) dismissed that proceeding because Milligan could not obtain damages from the named Defendants.  (Doc. 20 in Case No. 17-cv-1211).  The Petition clarifies that Milligan filed "no other action except [the] 42 U.S.C. § 1983 civil rights complaint."  (Doc. 1 at 3).  Filing a § 1983 action in Federal Court does not satisfy the exhaustion requirement; it is only met where the New Mexico Supreme Court has an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  To confirm Milligan's statement regarding exhaustion, the Court also searched his name in the Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings.  *See* https://securecourtcaseaccess.nmcourts.gov/.  SOPA reflects that Milligan has not filed a state petition challenging the execution of his sentence or his term of parole.  *Id.*

In his show-cause response, Milligan appears to concede he has not completed the state exhaustion process.  However, he asks the Court to excuse the exhaustion requirement because:

(a)  He is in custody in violation of federal law "by way of double jeopardy and wrongful prolonged incarceration;"

(b) He can produce transcripts showing that the Parole Board and NMDOC are forcing him to serve an extra term of parole;

(c) He filed a motion to amend his d sentence in State Court, but the State Court directed him to file a state habeas petition because motions to amend can only be filed within 90 days of entry of the judgment;

(d) He filed a federal 42 U.S.C. § 1983 action and does not know how else to exhaust.

(Doc. 6 at 1).

The exhaustion requirement can only be excused in the "absence of available State corrective process or because [the] process [is] ineffective to protect the rights of the applicant."  *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).  In other words, there must be "no opportunity

4

to obtain redress in state court" or the corrective process must be "so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Milligan has a statutory right to file a state habeas petition challenging the execution of his sentence. *See* N.M.S.A. 1978 § 44-1-1 ("Every person imprisoned … may prosecute a writ of habeas corpus" if "such imprisonment … proves to be unlawful."); *Perry v. Moya*, 289 P.3d 1247, 1249 (N.M. 2012) (prisoners may challenge the execution and extension of a sentence through a habeas proceeding). If Milligan does not obtain relief from the trial court, he can exhaust his claims by filing a direct appeal with the NMSC. *See* Rule 12–102(A)(3) NMRA.

Considering these procedures and Milligan's allegations, he has not "affirmatively shown that resort[ing] to [State Court remedies] would be useless." *Clonce v. Presley,* 640 F.2d 271, 273 (10th Cir. 1981). The first two arguments about the strength of Milligan's claim are not relevant to the availability of state corrective process. Similarly, the fact that the State Court denied a motion to amend sentence does not foreclose a state habeas petition. In fact, the State Court Order dismissing the motion to amend specifically instructed Milligan to "resubmit his Post-Conviction Motions in the form of a Petition for Writ of Habeas Corpus." *See* Order entered November 8, 2017 in Consolidated Cases. Although Milligan elected to prosecute a federal 42 U.S.C. § 1983 action, rather than heed the State Court's advice, ignorance of the law cannot overcome the exhaustion requirement. *See Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) (holding that ignorance of the law cannot be used to overcome the procedural requirements of the federal habeas statute); *Herd v. Tapia*, 356 Fed.Appx. 140, 143 (10th Cir. Dec. 14, 2009) ("[I]t is well-settled that ignorance of the law cannot excuse the failure to exhaust"); *Gunderson v. Abbott*, 172 Fed.Appx. 806, 809 (10th Cir. March 24, 2006) ("ignorance of the [requirement to exhaust] ... neither removes

fault from the petitioner nor sets him apart from any other case").

For these reasons, the Court cannot find that exhaustion would be futile.  The Court will dismiss the Petition without prejudice.  To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11.  A COA can only issue where reasonable jurists would find the ruling debatable, and the failure to exhaust is clear in this case.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Milligan may refile his federal habeas proceeding after exhausts all claims by filing a State Court habeas petition and, if he is not successful, a certiorari appeal with the NMSC.

**IT IS ORDERED** that Anthony Milligan's 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 1) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the habeas case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE